UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-21529-FAM

MARLA KEMP, on behalf of herself
and others similarly situated,

    Plaintiff,

vs.

INSURANCE SUPERMARKET, INC.,

    Defendant

**********************************
INSURANCE SUPERMARKET, INC.,

    Third -Party Plaintiff

v.

DIGITAL THRIVE, LLC, a Texas Limited Liability Company, and EXCEL IMPACT, LLC, a Delaware Limited Liability Company, and John Doe,

    Third-Party Defendants.
_____/

## INSURANCE SUPERMARKET INC.'S THIRD-PARTY COMPLAINT AGAINST DIGITAL THRIVE, LLC, EXCEL IMPACT, LLC AND UNKNOWN JOHN DOE

Defendant/Third-Party, Plaintiff INSURANCE SUPERMARKET INC. ("ISI"), by and through its undersigned counsel, asserts claims of indemnification, contribution and breach of contract against Third-Party Defendants DIGITAL THRIVE, LLC ("Digital Thrive"), EXCEL IMPACT, LLC ("Excel Impact") and JOHN DOE (collectively referred to herein as "Third-Party Defendants"), and in support states as follows:

## PARTIES

1. Defendant and Third-Party Plaintiff INSURANCE SUPERMARKET INC. is a Delaware corporation with a principal place of business in Miami, Florida.

2. Upon information and belief, Third-Party Defendant DIGITAL THRIVE, LLC is a Texas limited liability company with a principal place of business in Austin, Texas.

3. Upon information and belief, Third-Party Defendant EXCEL IMPACT, LLC is a Delaware limited liability company with a principal place of business in Miami, Florida.

4. Upon information and belief, Third-Party Defendant, the Unknown John Doe Defendant, is a business entity and/or individual that was contracting with Third-Party Defendant Digital Thrive and/or Third-Party Defendant Excel Impact as to leads that were provided to ISI without ISI's knowledge or authorization. ISI does not presently have sufficient information to identify the John Doe Defendant but will do so through discovery or otherwise.

5. Upon information and belief, Plaintiff MARLA KEMP ("Plaintiff") is an individual who resides in Miami, Florida.

## VENUE AND JURISDICTION

6. This Court has supplemental jurisdiction of the joinder claims in this Third-Party Complaint pursuant to 28 U.S.C. § 1367(a) because the claims asserted in this Third-Party Complaint are part of the exact same case-in-controversy and the claims are inextricably intertwined with the claims stated in Plaintiff's Complaint, which are properly before this Court as Plaintiff alleges a violation of a federal law, the Telephone Consumer Protection Act ("TCPA").

7. This Court has jurisdiction over the Third-Party Defendants because they are citizens of Florida, have engaged in conduct relevant to the claims at issue in this case in the

2

State of Florida and/or have systematic and continuous contacts with the State of Florida and have otherwise availed themselves to the jurisdiction of Florida.

8. Venue is appropriate in the U.S. District Court for the Southern District of Florida under 28 U.S.C. § 1391 because a substantial portion of the alleged events giving rise to Plaintiff's claims, and Third-Party Plaintiff's claims, occurred in this District.

## ABOUT INSURANCE SUPERMARKET INC.

9. ISI is in the business of providing insurance services to clients.

10. ISI contracts with service providers that agree to use all commercially reasonable and lawful methods to generate valid, legally compliant, and usable leads for potential clients that have consented to be contacted about insurance services offered by ISI.

11. ISI directly contracts with both Third-Party Defendants (Digital Thrive and Excel Impact) to obtain leads.

12. Upon information and belief, Digital Thrive and Excel Impact also have a contractual relationship either directly, or through Third-Party Defendant Unknown John Doe, to supply one another with leads to sell to businesses like ISI ("third party beneficiaries"), and ISI is a third-party beneficiary of that contract.

## BACKGROUND AND PROCEDURAL HISTORY

13. On May 17, 2022, Plaintiff filed a one-count Complaint against ISI alleging a violation of the TCPA. [D.E. 1].

14. In her Complaint, Plaintiff alleges that she received "at least two pre-recorded calls" from ISI that violate the TCPA. [D.E. 1 at ¶ 15].

15. Plaintiff further claims that the prerecorded calls were advertising ISI's insurance services, that she responded to the second prerecorded call, and that she spoke to an ISI employee who promoted ISI's services. [D.E. 1 at ¶ 15-22].

16. Plaintiff asserts that she has been harmed by the calls because her privacy has been violated and because she has been harassed and annoyed. [D.E. 1 at ¶ 24]. She further asserts that she has been harmed by use of her telephone power and network, and the intrusion on her phone that occupied it from receiving legitimate communications. [D.E. 1 at ¶ 24].

17. Plaintiff seeks to bring her case on a class basis. [D.E. 1 at ¶ 26].

18. On August 9, 2022, ISI filed its Answer and Affirmative Defenses to Plaintiff's Complaint, wherein it denied all liability for the allegations in Plaintiff's Complaint. [D.E. 14].

19. None of the calls at issue in Plaintiff's Complaint were made by ISI.

20. Any other communication between Plaintiff and ISI was a result of a lead that Excel Impact, Digital Thrive and John Doe provided to ISI.

21. Third Party Defendants represented to ISI that the provided leads—including but not limited to Plaintiff's lead—are valid, legally compliant, and usable, and that the potential customer—including Plaintiff—had consented to be contacted about insurance services.

22. As described below, ISI asserts that any liability resulting from Plaintiff's lawsuit arises from the acts, errors, omissions and/or other conduct of the Third-Party Defendants and that ISI is entitled to indemnification, contractual indemnification and/or contribution.

**FACTUAL ALLEGATIONS**

23. Plaintiff alleges that she has a cellular phone, which is assigned a telephone number ending in 2220. [D.E. 1 at ¶ 14].

24. Plaintiff alleges that on February 21, 2022 and April 30, 2022, she received a prerecorded call on her cellular phone from phone number—208-775-7621. [D.E. 1 at ¶¶ 15-16].

25. Plaintiff alleges that during the second call on April 30, 2022, she responded to the prerecorded message and spoke to an individual named Holly Gomez who identified herself as an employee of ISI and promoted ISI's services. [D.E. 1 at ¶¶ 20-22].

26. The phone number at issue—208-775-7621—is not a phone number of ISI.

27. ISI did not initiate, make or authorize these two calls to Plaintiff.

28. Plaintiff did not speak to anyone from ISI, including but not limited to Ms. Gomez, on either February 21, 2022 or April 30, 2022.

29. Any other communication between Plaintiff and ISI was a result of a lead provided by Third Party Defendants.

30. It was represented to ISI by Third Party Defendants that provided leads—including but not limited to Plaintiff's lead—were valid, legally compliant, and usable, and that the potential customer—including Plaintiff—had consented to be contacted to hear about insurance services.

31. Upon information and belief, Third-Party Defendants made the calls on February 21, 2022 and April 30, 2022 to Plaintiff.

32. Upon information and belief, Third-Party Defendants may have initiated similar calls to others, which were then provided to ISI as valid leads.

33. As a result, any liability resulting from the alleged calls made to Plaintiff, or similar calls, arise from the acts, errors, omissions and/or other conduct of the Third-Party Defendants.

### *Additional Facts Pertaining to Digital Thrive*

34. Digital Thrive is a service provider that provides leads to ISI.

35. On or about March 31, 2021, ISI and Digital Thrive entered into a Master Services Agreement ("Digital Agreement").

36. The Digital Agreement was effective at the time relevant to the claims made by Plaintiff.

37. Pursuant to the Digital Agreement, Digital Thrive, as the "Company," agreed to supply call leads to ISI, as the "Client," that met the following criteria:

   a. The Leads will be obtained from individuals solely and specifically interested in obtaining a quote for the applicable type of insurance indicated;

   b. The Leads will be collected from mediums where COMPANY has included notification, through its data collection vehicles, that the individual's information is being collected for the purposes of obtaining insurance quotes and that the individual may be contacted by insurance agents or carriers;

   c. The Leads will not be submitted or sold to CLIENT without the individual's permission;

   d. The Leads will be collected from individuals who have provided prior express written consent required by law or regulation (including, but not limited to, Telephone Consumer Protection Act, 42 USC 227 and 47 CFR 64.200 and Do Not Call List requirements) so that CLIENT or insurance agents or carriers may call any telephone or mobile phone numbers contained within Leads for the purpose of providing insurance quotes or connecting the individual with insurance agents or carriers, including but not limited to through the use of an automatic telephone dialing system, and Affiliate agrees to provide to CLIENT, upon request, proof of such express written consent for all Leads provided to CLIENT, which proof will include, in addition to all other information or evidence reasonably requested by CLIENT, screenshots of the disclaimer and consent language appearing on mediums from which Leads were collected, the IP address of the source of the Leads, and the date and time stamp indicating the time the Lead was collected;

 e. COMPANY will utilize record keeping systems that can establish that the prior express written consent referenced in the immediately preceding paragraph can be conclusively established under applicable law or regulation, and legally sufficient evidence of such consent will be maintained by COMPANY and be made available to CLIENT upon request at any time, at least until the conclusion of any applicable statute of limitations under applicable law or regulation, including but not limited to those laws and regulations identified in the immediately preceding paragraph[.]

38. The Digital Agreement further included an Indemnification provision which, in relevant part, provides that:

 a. Each party (as the "Indemnifying Party") shall indemnify, defend, and hold harmless the other party (the "Indemnified Party") and its directors, officers, shareholders, employees, agents and affiliates (the "Indemnified Group") from and against any and all actions, claims, liabilities, damages, losses and expenses, including reasonable attorneys' fees and costs, made or claimed by a third party (collectively, "Claims") arising out of or related to: (i) the acts, errors or omissions of the Indemnifying Party or any of its officers, directors, employees, agents or affiliates; or (ii) breach of this Agreement, including, without limitation, any representations and warranties made within this Agreement.

 b. […] The Indemnifying Party shall pay any and all costs, damages and expenses, including, but not limited to, reasonable attorneys' fees and costs (even if incident to any appeals) awarded against or otherwise incurred by the member(s) of the Indemnified Group in connection with or arising from any such indemnified claim, suit, action or proceeding."

 c. COMPANY will include its DBA within all TCPA language used to secure leads which it sells to CLIENT, and under the mutual Indemnification clause CLIENT is protected against any TCPA complaints.

### *Additional Facts Pertaining to Excel Impact*

39. Excel Impact is a service provider that provides leads to ISI.

40. On or about June 22, 2021, ISI and Excel Impact entered into an Advertiser Agreement ("Excel Agreement").

41. The Excel Agreement was effective at the time relevant to the claims made by Plaintiff.

42. In the Excel Agreement, Excel Impact agreed, in relevant part, to the following responsibilities:

> Excel Impact will use commercially reasonable efforts to deliver Leads, Calls and/or Redirects to Partner as set forth in such Insertion Order during the term thereof. Excel Impact may use any and all commercially reasonable and lawful methods to generate Leads, Calls and/or Redirects and to otherwise use such methods to connect an End-Consumer to Partner. The Leads, Calls and/or Redirects may be sourced by Excel Impact either through (a) its various proprietary processes, obtained during a single session to any website in Excel Impact's publisher network, or (b) from an affiliate or third party[.]

43. The Excel Agreement further included an Indemnification provision which, in relevant part, provided that:

> Indemnification. Each Party (the "Indemnifying Party") hereby agrees to defend, indemnify and hold harmless the other Party, and its respective officers, directors, shareholders, affiliates, and employees (each, an "Indemnified Party") from and against any losses, damages, liabilities, costs and expenses (including, without limitation, reasonable attorneys' fees, court costs and expert witness fees, if applicable) (collectively, "Losses") arising directly out of a claim or action brought against an Indemnified Party by a third party (collectively, the "Claims") to the extent resulting from a breach of this Agreement by the Indemnifying Party, including, without limitation, the breach of any express representation, warranty, covenant, intellectual property obligation or confidentiality obligation, or any unauthorized acts and/or omissions in connection with this Agreement[.]

## COUNT I
## BREACH OF CONTRACT – DIGITAL THRIVE

44. ISI restates and incorporates by reference Paragraphs 1-38, as if fully set forth herein.

45. ISI entered into a valid agreement with Digital Thrive.

46. Pursuant to the Digital Agreement, Digital Thrive, agreed that all leads provided to ISI would be valid, legally compliant, and usable, and that the potential customer—including Plaintiff—had consented to be contacted about insurance services.

47. Digital Thrive provided Plaintiff's lead to ISI.

48. In her Complaint, Plaintiff alleges that she received a prerecorded call on her cell phone on February 21, 2022 and April 30, 2022 from phone number: 208-775-7621, and that the calls violated the TCPA. Plaintiff purports to bring her case on a class basis. Plaintiff seeks damages from ISI.

49. Although Digital Thrive was required to provide ISI with valid, legally compliant, and usable call leads, and represented that the potential customer consented to be contacted about insurance services, Digital Thrive provided ISI with a lead that Plaintiff now claims was not valid and violative of the TCPA.

50. If Plaintiff or, to the extent the case is certified to proceed on a class basis, any putative class member prevail on their claims, they would only do so based on Digital Thrive's breach of the contract with ISI.

51. Due to Digital Thrive's breach, ISI has been damaged in an amount equal to any legal fees, costs, or expenses that it has incurred in defending the claims in Plaintiff's Complaint and will continue to be damaged in an amount equal to any legal fees, costs, or expenses incurred in continuing to defend against Plaintiff's Complaint, and in an amount equal to any monies ISI may pay to satisfy any settlements of, or judgments related to Plaintiff's Complaint.

WHEREFORE, ISI respectfully requests this Court to enter judgment in ISI's favor on the claim set forth above and award ISI damages resulting from the breach, and any other relief permitted under the contract and that this Court deems applicable, just and proper.

**COUNT II**
**BREACH OF CONTRACT – EXCEL IMPACT**

52. ISI restates and incorporates by reference Paragraphs 1-33 and 39-43, as if fully set forth herein.

53. ISI entered into a valid agreement with Excel Impact.

54. Pursuant to the Excel Agreement, Excel Impact, agreed that it would provide valid leads, which may include leads sourced from affiliates and third parties.

55. Excel Impact provided Plaintiff's lead to ISI.

56. In her Complaint, Plaintiff alleges that she received a prerecorded call on her cell phone on February 21, 2022 and April 30, 2022 from phone number: 208-775-7621, and that the calls violated the TCPA. Plaintiff purports to bring her case on a class basis. Plaintiff seeks damages from ISI.

57. Although Excel Impact was required to provide ISI with valid, legally compliant, and usable call leads, Excel Impact provided ISI with a lead that Plaintiff now claims was not valid and violative of the TCPA.

58. If Plaintiff or, to the extent the case is certified to proceed on a class basis, any putative class member prevail on their claims, they would only do so based on Excel Impact's breach of the contract with ISI.

59. Due to Excel Impact's breach, ISI has been damaged in an amount equal to any legal fees, costs, or expenses that it has incurred in defending the claims in Plaintiff's Complaint and will continue to be damaged in an amount equal to any legal fees, costs, or expenses incurred in continuing to defend against Plaintiff's Complaint, and in an amount equal to any monies ISI may pay to satisfy any settlements of, or judgments related to Plaintiff's Complaint.

WHEREFORE, ISI respectfully requests this Court to enter judgment in ISI's favor on the claim set forth above and award ISI damages resulting from the breach, and any other relief permitted under the contract and that this Court deems applicable, just and proper.

### COUNT III
### BREACH OF CONTRACT AS THIRD-PARTY BENEFICIARY – DIGITAL THRIVE, EXCEL IMPACT AND JOHN DOE

60. ISI restates and incorporates by reference Paragraphs 1-33, as if fully set forth herein.

61. Upon information and belief, Digital Thrive and Excel Impact have a contractual relationship either directly with one another, or through Third-Party Defendant Unknown John Doe, to supply one another with valid, legally compliant, and usable leads to sell to businesses like ISI ("third party beneficiaries"), and ISI is a third-party beneficiary of that contract.

62. In her Complaint, Plaintiff alleges that she received a prerecorded call on her cell phone on February 21, 2022 and April 30, 2022 from phone number: 208-775-7621, and that the calls violated the TCPA. Plaintiff purports to bring her case on a class basis. Plaintiff seeks damages from ISI.

63. Digital Thrive, Excel Impact and John Doe sourced leads, including but not limited to Plaintiff's lead, and supplied it to ISI as a third-party beneficiary of their agreement.

64. If Plaintiff or, to the extent the case is certified to proceed on a class basis, any putative class member prevail on their claims, they would only do so based on a breach of the contract between Digital Thrive, Excel Impact and John Doe, for which ISI is a third-party beneficiary.

65. Due to Digital Thrive, Excel Impact and John Doe's breach, ISI has been damaged in an amount equal to any legal fees, costs, or expenses that it has incurred in defending the claims in Plaintiff's Complaint and will continue to be damaged in an amount equal to any legal fees, costs, or expenses incurred in continuing to defend against Plaintiff's Complaint, and in an amount equal to any monies ISI may pay to satisfy any settlements of, or judgments related to Plaintiff's Complaint.

WHEREFORE, ISI respectfully requests this Court to enter judgment in ISI's favor on the claim set forth above and award ISI damages resulting from the breach and any other relief permitted under the contract, and that this Court deems applicable, just and proper.

## COUNT IV
## INDEMNIFICATION – DIGITAL THRIVE & EXCEL IMPACT

66. ISI restates and incorporates by reference Paragraphs 1-43, as if fully set forth herein.

67. ISI denies the allegations in Plaintiff's Complaint.

68. The allegations in Plaintiff's Complaint were the direct and proximate result of the conduct, actions, and omissions of Digital Thrive and Excel Impact and/or their agents, representatives and employees and were in no way the result of any conduct, act or omission by ISI.

69. In the event that ISI is found to be liable to Plaintiff or, to the extent the case is certified to proceed on a class basis, any putative class member, Digital Thrive and Excel Impact are wholly liable to the Plaintiff or any putative class member, and Digital Thrive and Excel Impact are wholly liable to ISI to indemnify ISI for any claims, lawsuits, or liability including costs and attorneys' fees incurred as a result of the alleged losses suffered by the Plaintiff and the putative class members she seeks to represent.

WHEREFORE, if ISI is found liable to the Plaintiff or any putative class member, ISI is entitled to indemnification from the Third-Party Defendants.

## COUNT V
## CONTRACTUAL INDEMNIFICATION – DIGITAL THRIVE

70. ISI restates and incorporates by reference Paragraphs 1-38, as if fully set forth herein.

71. ISI entered into an agreement with Digital Thrive.

72. The Digital Agreement provides that Digital Thrive would supply valid, legally compliant and usable call leads to ISI.

73. In her Complaint, Plaintiff alleges that she received a prerecorded call on her cell phone on February 21, 2022 and April 30, 2022 from phone number: 208-775-7621, and that the calls violated the TCPA. Plaintiff purports to bring her case on a class basis. Plaintiff seeks damages from ISI.

74. Digital Thrive provided Plaintiff's lead to ISI.

75. Based on the Digital Agreement, Digital Thrive has a duty to indemnify ISI against such claims.

76. Specifically, the Digital Agreement included an Indemnification provision which, in relevant part, provides that

> a. Each party (as the "Indemnifying Party") shall indemnify, defend, and hold harmless the other party (the "Indemnified Party") and its directors, officers, shareholders, employees, agents and affiliates (the "Indemnified Group") from and against any and all actions, claims, liabilities, damages, losses and expenses, including reasonable attorneys' fees and costs, made or claimed by a third party (collectively, "Claims") arising out of or related to: (i) the acts, errors or omissions of the Indemnifying Party or any of its officers, directors, employees, agents or affiliates; or (ii) breach of this Agreement, including, without limitation, any representations and warranties made within this Agreement.

77. The Digital Agreement also provides that "COMPANY will include its DBA within all TCPA language used to secure leads which it sells to CLIENT, and under the mutual Indemnification clause CLIENT is protected against any TCPA complaints."

78. Plaintiff's claims are premised, at least in part, on allegations concerning the conduct of the Digital Thrive, with which ISI had a contractual relationship. To the extent that any of the liability in this case is premised on the conduct, actions or omissions of ISI or Digital Thrive with which ISI contracted, Digital Thrive is required to indemnify ISI for all losses, liability, attorneys' fees and other expenses associated with this action.

79. To date, Digital Thrive has refused to indemnify ISI for any amounts associated with this litigation, resulting in harm to ISI. As a result of Digital Thrive's actions, ISI has suffered injury, including not but limited to, incurring significant legal costs in investigating and defending against Plaintiff's lawsuit.

80. ISI has satisfied all conditions precedent to bringing this claim.

WHEREFORE, ISI respectfully requests this Court to enter judgment in ISI's favor on the claim set forth above and award ISI damages, attorneys' fees and costs, and any other relief permitted under the contract and that this Court deems applicable, just and proper.

## COUNT VI
## CONTRACTUAL INDEMNIFICATION – EXCEL IMPACT

81. ISI restates and incorporates by reference Paragraphs 1-33 and 39-43, as if fully set forth herein.

82. ISI entered into an agreement with Excel Impact.

83. The Excel Agreement provides that Excel Impact would supply valid, legally compliant and usable call leads to ISI.

84. In her Complaint, Plaintiff alleges that she received a prerecorded call on her cell phone on February 21, 2022 and April 30, 2022 from phone number: 208-775-7621, and that the calls violated the TCPA. Plaintiff purports to bring her case on a class basis. Plaintiff seeks damages from ISI.

85. Excel Impact provided Plaintiff's lead to ISI.

86. Based on the Excel Agreement, Excel Impact has a duty to indemnify ISI against such claims.

87. Specifically, the Excel Agreement included an Indemnification provision which, in relevant part, provides that

> Indemnification. Each Party (the "Indemnifying Party") hereby agrees to defend, indemnify and hold harmless the other Party, and its respective officers, directors, shareholders, affiliates, and employees (each, an "Indemnified Party") from and against any losses, damages, liabilities, costs and expenses (including, without limitation, reasonable attorneys' fees, court costs and expert witness fees, if applicable) (collectively, "Losses") arising directly out of a claim or action brought against an Indemnified Party by a third party (collectively, the "Claims") to the extent resulting from a breach of this Agreement by the Indemnifying Party, including, without limitation, the breach of any express representation, warranty, covenant, intellectual property obligation or confidentiality obligation, or any unauthorized acts and/or omissions in connection with this Agreement.

88. Plaintiff's claims are premised, at least in part, on allegations concerning the conduct of Excel Impact with which ISI had a contractual relationship. To the extent that any of the liability in this case is premised on the conduct, actions or omissions of ISI or Excel Impact with which ISI contracted, Excel Impact is required to indemnify ISI for all losses, liability, attorneys' fees and other expenses associated with this action.

89. To date, Excel Impact has refused to indemnify ISI for any amounts associated with this litigation, resulting in harm to ISI. As a result of Excel Impact's actions and

breach of its obligations to ISI, ISI has suffered injury, including not but limited to, incurring significant legal costs in investigating and defending against Plaintiff's lawsuit.

90. ISI has satisfied all conditions precedent to bringing this claim.

WHEREFORE, ISI respectfully requests this Court to enter judgment in ISI's favor on the claim set forth above and award ISI damages, attorneys' fees and costs, and any other relief permitted under the contract and that this Court deems applicable, just and proper.

## COUNT VII
## CONTRIBUTION – DIGITAL THRIVE, EXCEL IMPACT & JOHN DOE

91. ISI restates and incorporates by reference Paragraphs 1-43, as if fully set forth herein.

92. ISI denies any liability to Plaintiff or, to the extent the case is certified to proceed on a class basis, any putative class member.

93. The allegations in Plaintiff's Complaint were the direct and proximate result of the conduct, actions and omissions of the Third-Party Defendants and/or their agents, representatives and employees and were in no way the result of any conduct, act or omission by ISI.

94. If ISI is found liable to Plaintiff, the Third-Party Defendants are also liable for the same wrongful conduct, and ISI has a right of contribution from the Third-Party Defendants.

WHEREFORE, to the extent that ISI is found liable to Plaintiff or any putative class member, ISI is entitled to contribution from the Third-Party Defendants. ISI further requests judgment against the Third-Party Defendants for all amounts if ISI is found liable in this action, and for all costs and attorneys' fees incurred by ISI to defend the claims asserted by Plaintiff in this action and for such other and further relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant/ Third-Party Plaintiff INSURANCE SUPERMARKET, INC. requests that the Court enter judgment against the Third-Party Defendants and award Defendant/Third-Party Plaintiff the following relief:

    a.    enter judgment in favor of the Defendant/Third-Party Plaintiff;

    b.    award Defendant/Third-Party Plaintiff any such amount, if any, as Defendant/Third-Party Plaintiff is determined to be liable to the Plaintiff and any putative class members;

    c.    award Defendant/Third-Party Plaintiff any consequential losses, including all costs, expenses and reasonable attorneys' fees incurred in defense of Plaintiff's Complaint;

    d.    award Defendant/Third-Party Plaintiff contribution to the amount, if any, that Defendant/Third-Party Plaintiff is determined to be liable to Plaintiff or any putative class member, in such proportion or amount as may later be determined by the Court; and

    e.    provide such further relief as this Court deems appropriate.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 6th day of September, 2022.

        Respectfully submitted,

        JACKSON LEWIS P.C.
        390 North Orange Avenue, Suite 1285
        Orlando, Florida 32801
        Telephone:    (407) 246-8440


By:    */s/ Amanda A. Simpson*
        Amanda A. Simpson
        Florida Bar No. 0072817
        amanda.simpson@jacksonlewis.com

        Lin J. Wagner
        Florida Bar No. 0093138
        lin.wagner@jacksonlewis.com

        Jason C. Gavejian
        *Appearing Pro Hac Vice*
        JACKSON LEWIS P.C.
        200 Connell Drive, Suite 2000
        Berkeley Heights, NJ 07922
        (908) 795-5200
        jason.gavejian@jacksonlewis.com

Attorneys for Defendant / Third-Party Plaintiff


## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 6th day of September, 2022, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing on all counsel or parties of record on the Service List below.


        */s/ Amanda A. Simpson*
        Amanda A. Simpson

## SERVICE LIST

Avi R. Kaufman, Esquire
Florida Bar No. 84382
kaufman@kaufmanpa.com
Rachel E. Kaufman, Esquire
Florida Bar No. 87406
rachel@kaufmanpa.com
KAUFMAN P.A.
237 S. Dixie Highway, 4th FL
Coral Gables, FL 33133
Telephone: (305) 469-5881
Attorneys for Plaintiff

4861-3363-4353, v. 4