Douglas H. Allsworth #017104
KUTAK ROCK LLP
8601 N. Scottsdale Road, Suite 300
Scottsdale, AZ 85253
Telephone:    (480) 429-5000
e-Mail:        doug.allsworth@kutakrock.com

*Attorneys for Defendants,*
*National Tax Advisory Services, LLC,*
*Matthew Levy, and Vanessa Oakes*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

### PHOENIX DIVISION

| | |
|---|---|
| Jason Crews,<br><br>          Plaintiff,<br><br>v.<br><br>National Tax Advisory Services, LLC;<br>Matthew Levy; Vanessa Oakes,<br><br>          Defendants. | CASE NO. CV23-00250-PHX-DLR<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

        Responding Defendants National Tax Advisory Services, LLC, a California limited liability company, Matthew Levy, and Vanessa Oakes (collectively, "Defendants") respond as follows to the allegations set forth in Plaintiff's Complaint (the "Complaint," Dkt. No. 1).  For ease of reference, the allegations set forth in the Complaint are repeated herein and highlighted, and Defendants' responses follow.

## **ANSWER**

        In responding to the Complaint, Defendants deny all allegations contained therein, unless specifically admitted below.

4869-0865-7508.1

### *Preliminary Statement*

1.      Plaintiff Jason Crews ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance calling practices. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 74:5 (2012).

**Answer:**      Defendants admit that Plaintiff purports to bring an action under the TCPA. The remaining allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

2.      The Defendants in this action National Tax Advisory Services, LLC, ("National"), Matthew Levy ("Levy"), and Vanessa Oakes ("Oakes") (collectively "Defendants") orchestrated placing at least five illegal calls using an Automated Telephone Dialing System ("ATDS") and an artificial or prerecorded voice to the Plaintiff's telephone number.

**Answer:**      Defendants admit they are named as defendants in this action.  The remaining allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

3.      Plaintiff believes more calls will be uncovered during discovery.

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

4.      The Plaintiff did not provide his prior express written consent to receive the telemarketing solicitations at issue.

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

5.      As a result of the forgoing Crews experienced frustration, annoyance, irritation, wasted time, resources, interruption of work, and a sense h.is privacy has been invaded by Defendants.

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

4869-0865-7508.1

1

## ***PARTIES***

2      6.      *Plaintiff is and was a resident of Maricopa County, Arizona at all relevant times.*

3      **Answer:**       Defendants admit the allegations set forth in paragraph 6 of the Complaint.

4      7.      *Defendant National is now, and at all times relevant was, a limited liability*

5  *company organized and existing under the laws of the State of Florida, doing business throughout*

6  *the country over the telephone.*

7      **Answer:**       Defendants deny the allegations in this paragraph because they are untrue.

8      8.      *National is a "person" as the term is defined by 47 U.S.C. § 153(39).*

9      **Answer:**       This is a conclusion of law to which no response is required.  To the extent

10  a response is required, Defendants deny those allegations.

11      9.      *Defendant National owns, operates, and does business as "Action Tax Group",*

12  *"Tax Group", "ATG", and "actiontg.com" located at 450 Fairway Drive, #20 I, Deerfield Beach,*

13  *FL and is in the business of offering tax dept resolution services to public.*

14  *https://archive.is/IBRte* .

15      **Answer:**       Defendants deny the allegations in this paragraph because they are untrue.

16      10.      *Upon information and belief Levy is or was at the time of the phone calls*

17  *complained herein the owner, manager, and CEO of National.*

18      **Answer:**       Defendants deny the allegations in this paragraph because they are untrue.

19      11.      *Levy is a "person" as the term is defined by 47 U.S.C. § 153(39).*

20      **Answer:**       This is a conclusion of law to which no response is required.  To the extent

21  a response is required, Defendants deny those allegations.

22      12.      *Upon information and belief Levy can be served at 13700 Marina Point Dr. Unit*

23  *525, Marina Del Ray, California.*

24      **Answer:**       Defendants deny the allegations in this paragraph because they are untrue.

25      13.      *Oaks is a "person" as the term is defined by 47 U.S.C. § 153(39).*

26      **Answer:**       This is a conclusion of law to which no response is required.  To the extent

27  a response is required, Defendants deny those allegations.

28

4869-0865-7508.1

14.     Upon information and belief Oaks is the current owner, manager and CEO of National.

**Answer:**     Defendants deny the allegations in this paragraph because they are untrue.

15.     Upon information and belief Oaks can be served at 13305 Valley Vista Boulevard, Sherman Oaks, California.

**Answer:**     Defendants deny the allegations in this paragraph because they are untrue.

16.     At all material times, Defendants includes and included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organization units of any kind, predecessors, successors and assigns and their officers, directors, employees, agents. Representatives and any and all other persons acting on their behalf.

**Answer:**     This is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

17.     At all material times, each of the Defendants was the agent and employee of every other Defendant in doing the events described and was at all times acting within the purpose and scope of such agency and employment and are vicariously liable under the theory of respondeat superior for the actions and inactions of their employees and contractors.

**Answer:**     This is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

### *Jurisdiction & Venue*

18.     The Court has federal question subject matter jurisdiction over these TCP claims. Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740 (2012).

**Answer:**     Defendants admit that the Complaint includes claims under the TCPA, a law of the United States.

19.     Venue is proper pursuant to 28 U.S.C. § 139l(b)(2) because a substantial part of the events or omissions given rise to the claim occurred in this District, as the calls to the Plaintiff were placed into this District.

**Answer:**     Defendants admit that Plaintiff alleges actions or omission that occurred in the District of Arizona.

4869-0865-7508.1

**20.** *Defendants are subject to specific personal jurisdiction because telemarketing calls to the Plaintiff by directing its conduct into this District.*

**Answer:** Defendants admit that National Tax Advisory Services has done business in Arizona but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 26.

### *Introduction*

**21.** *This action is brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227 and its implementing regulations contained in 47 C.F.R. §64.1200, a federal statute and related regulations enacted in response to widespread public outrage about the proliferation of intrusive, nuisance calling practices. Mims v. Arrow Fin. Servs., LLC 132 S. Ct. 740, 745 (2012).*

**Answer:** Defendants admit that Plaintiff purports to bring an action under the TCPA. The remaining allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny those allegations.

**22.** *In 1991, Congress enacted the TCPA to regulate the explosive growth of the automated calling industry. In so doing, Congress recognized that "[u]nrestricted telemarketing, ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).*

**Answer:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Therefore, Defendants deny those allegations.

### *Factual Allegations*

Plaintiff's Numbers

**23.** *Plaintiff incorporates by reference all prior allegations contained in this Complaint.*

**Answer:** Defendants admit that Plaintiff purports to incorporate the preceding paragraphs of the Complaint herein.

**24.** *The phone number (602) 295-XXXX ("Cell Number) belongs to the Plaintiff.*

5

4869-0865-7508.1

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

25.    *The Cell Number is assigned to a cellular phone used exclusively for personal residential purposes.*

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

26.    *Plaintiff did not consent for prerecorded or automated messages to his Cell Number.*

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

27.    *Plaintiff did not consent to telephone calls from Automated Telephone Dialing Systems ("ATDS").*

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

28.    *The Cell Number has been on the National Do-Not-Call registry since November 7, 2006.*

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

29.    *The Cell number is not associated with a business.*

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

*Calls to Plaintiff*

30.    *Crews had no prior business relationship with Defendants*

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

31.    *Plaintiff has received several calls from individuals representing Tax Group, all of whom concealed refused to identify the name of their company.*

4869-0865-7508.1

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

32.      *On or about November 17, 2022, at 3:29 pm Crews received a phone call presenting caller ID (925) 474-4288.*

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

33.      *This call interrupted Crews while working.*

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

34.      *The caller identified themselves as Warren Martinez ("Martinez") calling on behalf of Tax Group, and promoted "offer the COVID 19 tax relief or the Fresh Start Program for unpaid federal or state back taxes".*

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

35.      *Having received prior calls from other individuals representing Tax Group, Crews answered Martinez's questions hoping to determine the identity of the caller and their employer.*

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

36.      *Martinez eventually transferred Crews to Jay Jordan ("Jordan").*

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

37.      *Jordan refused to provide the name of the legal name of his company in an attempt to conceal its identity and avoid responsibility for their knowing and willful disregard of the TCPA.*

**Answer:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

38.      *Jay stated they had offices in "Vegas, California, New York, Florida".*

**Answer:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

39.    *Eventually Jay provided his email address jjordan@actiontg.com.*

**Answer:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

40.    *After verifying http://actiontg.com was an active website, Crews asked Jay to place him on his internal do-not-call list, and to send him a copy of his internal do-not-call policy.*

**Answer:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

41.    *Jay once again tried to conceal his identity and that of his employer when he said "Yeah. So, uh, you want me to give you the accurate email?"*

**Answer:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

42.    *The Plaintiff has not received a copy of the Defendant's Do-Not-Call policy and believes no such policy existed at the time of any of the solicitations. Plaintiff believes, and therefore avers, that this is because Defendant does not maintain an internal Do-Not-Call Policy at all time material hereto.*

**Answer:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

43.    *The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have him sign up for tax resolution services.*

**Answer:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

44.    *These calls therefore qualified as telemarketing. 47 C.F.R. § 64.1200(£)(12).*

**Answer:**    This is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

45.    *Calls to Crews from are summarized in the table below:*

| Date | Number |
|------|--------|
| 9/22/22 | (623)304-1080 |
| 10/22/22 | (888)655-1799 |
| 11/3/22 | (888)766-8773 |
| 11/17/22 | (925)474-4288 |
| 12/28/22 | (925)474-4288 |

**Answer:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Therefore, Defendants deny those allegations.

### *Defendants' Use of an ATDS*

46. *The calls were conducted using an Automatic Telephone Dialing System (ATDS). As the Supreme Court recently clarified, the key feature of an ATDS is the capacity to store numbers to be called using a random or sequential number generator or to produce numbers to be called using a random or sequential number generator. Facebook, Inc. v. Duguid, 141 S. Ct. 1163, 1167 (2021).*

**Answer:** This is a conclusion of law to which no response is required. To the extent a response is required, Defendants deny those allegations.

47. *The Third Circuit recently clarified that "Congress envisioned a broad understanding of 'equipment'" that constitutes an ATDS. It also clarified that the analysis of whether an ATDS was used in violation of the TCPA centers around "whether the Defendants' employ[s] [ATDS] capacities to make automated calls," Panzarella v. Navient Sols., Inc., 37 F.4th 867, 873, 878 (3d Cir. 2022). In so doing, it held that Congress intended to "ban all autodialed calls" because Congress "found autodialer technology to be uniquely harmful." Id. at 879 (cleaned up).*

**Answer:** This is a conclusion of law to which no response is required. To the extent a response is required, Defendants deny those allegations.

48. *In enacting the ATDS prohibition, the Third Circuit cited favorably to Congressional understanding "that telemarketers could transform ordinary computers into autodialers through minor and inexpensive modifications," including by "relying on*

9

*computerized databases containing telephone numbers during their dialing campaigns." Id. at 880 (cleaned up). The Third Circuit held that, in passing the TCPA's ATDS prohibition, Congress intended to remedy the problems caused by callers using computer software to dial numbers randomly or sequentially from a list or database. Id.*

**Answer:**      This is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

*49.      The system(s) Defendants used to place the calls to Plaintiff is/are an ATDS because it would be illogical to dial a number manually, have the Plaintiff answer it, and only then connect it to a human being.*

**Answer:**      This is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

*50.      Furthermore, audible pauses, clicks, and beeps, are hallmark indicia of ATDS systems. It supports the inference that Defendants used an ATDS, such as one which "use[s] a random [or sequential) number generator to determine the order in which to pick phone numbers from a pre-produced list." Facebook, 141 S. Ct. at 1171 n.7.*

**Answer:**      This is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

*51.      Other courts have held, post-Facebook, that allegations similar to those as here of the absence of a relationship between the parties, and the random nature of the automation device (such as the ability to randomly generate caner ID numbers), are all indicia of use of a random or sequential dialing device that gives rise to the inference at the pleadings stage that an ATDS was used to make the calls. Camumas v. Nat'l Republican Senatorial Comm., No. 21-1005, 2021 U.S. Dist. LEXIS 100125 at* I l (E.D. Pa. May 26, 2021).*

**Answer:**      This is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

*52.      No facts exist here to support the conclusion that Defendants were calling from a curated list of their past customers. By contrast to a company that dials calls en masse to multiple individuals from a list of telephone numbers (as here), a company that calls its existing customers*

*utilizing an imported customer list does not place calls using an ATDS because such calling uses a database targeting existing customers' information rather than computer-generated tables or lists of individuals to be called. Panzarella, 373 F.4th at 881-882.*

**Answer:** This is a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, Defendants deny those allegations.

*53. Plaintiff is ignorant of the exact process by which the system(s) used by the Defendants operate other than drawing the reasonable inference and alleging that it stores or produces telephone numbers randomly or possibly sequentially based on the facts ascertainable from the calls he received, as outlined above. Indeed, as at least one district court explained, "The newly clarified definition of an ATDS is more relevant to a summary judgment motion than at the pleading stage." Gross v. GG Homes, Inc., No. 3:21-cv-00271-DMS-BGS, 2021 WL 2863623, at \*7 (S.D. Cal. July 8, 2021); accord Miles v. Medicredit, Inc., No. 4:20-cv- 01186-JAR, 2021 WL 2949565 (E.D. Mo. July 14, 2021).*

**Answer:** This is a conclusion of law to which no response is required. To the extent a response is required, Defendants deny those allegations.

### ***Defendants' Conduct Violates the TCPA***

*54. Plaintiff incorporates the foregoing allegations as if fully set forth herein.*

**Answer:** Defendants admit that Plaintiff purports to incorporate the preceding paragraphs of the Complaint herein.

*55. Defendants made the automated calls. They either physically programmed the automatic dialer to dial them or instructed others to do the same.*

**Answer:** This is a conclusion of law to which no response is required. To the extent a response is required, Defendants deny those allegations.

*56. Defendants made at least five telemarketing calls to Plaintiff.*

**Answer:** This is a conclusion of law to which no response is required. To the extent a response is required, Defendants deny those allegations.

57. *The Plaintiff never provided his consent or requested these calls.*

**Answer:**     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

58. *Plaintiff was harmed by these calls. He was temporarily deprived of legitimate use of his phone because his phone line was tied up during the automated calls and his privacy was improperly invaded. The Plaintiff was charged for the calls. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.*

**Answer:**     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

### ***Defendants' Conduct Was Knowing and Willing***

59. *Defendants repeatedly violated the TCPA, and their employees repeatedly tried to conceal Defendants identity in an effort to flout regulations and avoid accountability.*

**Answer:**     Defendants deny these allegations because they are either (a) conclusions of law to which no response is required, or (b) allegations about which Defendants lack knowledge or information sufficient to form a belief as to their truth.

60. *Defendants knew their actions were in violation of the TCPA, and willfully continued their conduct.*

**Answer:**     Defendants deny these allegations because they are either (a) conclusions of law to which no response is required, or (b) allegations about which Defendants lack knowledge or information sufficient to form a belief as to their truth.

### ***The TCPA Prohibits all Automated***
### ***Calls To Protected Numbers***

61. *The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automated telephone dialing system or an artificial or prerecorded voice, ... to any telephone number assigned to a, ... paging service, cellular telephone service, specialized mobile radio*

*service, or other radio common carrier service, or any service for which the party is charged for the call." 47 U.S.C. § 227 (b)(l)(A)(iii).*

**Answer:**    This is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

*62.    Congress singled out these services for special protection because Congress realized their special importance in terms of consumer privacy and therefor protected them (as is the case of cel1ular phones). Barr v. Am. Ass'n of Pol. Consultants Inc. 140 S. Ct. 2335, 2356, (2020) (Gorsuch, J. & Thomas., concurring in part and dissenting in part).*

**Answer:**    This is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

*63.    According to findings by the Federal Communications Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such messages are prohibited because, as Congress found, automated or prerecorded messages are a greater nuisance and invasion of privacy than live ones, are costly, and inconvenient.*

**Answer:**    This is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

*64.    The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(l)(A). 47 U.S.C. § 227(b)(l)(3).*

**Answer:**    This is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

*65.    These causes of action apply to users of any one of four protected services (pager, cellular, specialized mobile radio [i.e. radio telephony locator beacons or dispatch systems], or other radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which called party is charged. Lynn, Monarch Recovery Mgmt., Inc., 953 F. Supp. 2d 612, 623, (D. Md. 2013).*

**Answer:**    This is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

66.     *"Non-Emergency pre-recorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(l)(A) are permissible only with the prior express consent of the called party."*

**Answer:**     This is a conclusion of law to which no response is required. To the extent a response is required, Defendants deny those allegations.

67.     *U.S.C. § 227(c)(2) states "No person or entity shall initiate any telephone solicitation to, ... A residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government", and defines "telephone solicitation" as "The term telephone solicitation means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, ... ". 13 U.S.C. § 227(f)(15).*

**Answer:**     This is a conclusion of law to which no response is required. To the extent a response is required, Defendants deny those allegations.

68.     *The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, CG Docket No. 02-278 Report and Order, 18 FCC Red. 14014, 14115, 1165 (2003).*

**Answer:**     This is a conclusion of law to which no response is required. To the extent a response is required, Defendants deny those allegations.

69.     *In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:*

*[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer*

1   *designates.[] In addition, the written agreement must be obtained "without requiring, directly or*
2   *indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"*

3       **Answer:**    This is a conclusion of law to which no response is required.  To the extent
4   a response is required, Defendants deny those allegations.

5       *70.    In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of*
6   *1991, 27 FCC Rcd. 1830, 1844 (2012) (footnotes omitted).*

7       **Answer:**    This is a conclusion of law to which no response is required.  To the extent
8   a response is required, Defendants deny those allegations.

9       *71.    47 C.F.R. § 64.1200 extends 47 U.S.C. § 227 and establishes several delivery*
10  *restrictions. It states, "No person or entity may ... Except as provided ... initiate any telephone*
11  *call ... using an automatic telephone dialing system or an artificial or prerecorded voice."*

12      **Answer:**    This is a conclusion of law to which no response is required.  To the extent
13  a response is required, Defendants deny those allegations.

14      *72.    47 C.F.R. § 64.1200(a)(1) specifically protects "emergency telephone line", "guest*
15  *room or patient room of a hospital, health care facility, elderly home, or similar establishment",*
16  *and/or "cellular telephone service". 47 C.F.R. § 64.1200(a)(2) further prohibits "Initiate, or*
17  *cause to be initiated, any telephone call that includes or introduces an advertisement or*
18  *constitutes telemarketing, using an automatic telephone dialing system or an artificial or*
19  *prerecorded voice, to any of the lines or telephone numbers described, ...".*

20      **Answer:**    This is a conclusion of law to which no response is required.  To the extent
21  a response is required, Defendants deny those allegations.

22      *73.    The National Do-Not-Call Registry allows consumers to register their telephone*
23  *numbers and thereby indicate their desire not to receive telephone solicitation at those numbers.*
24  *47 C.F.R. § 64.1200(c)(2).*

25      **Answer:**    This is a conclusion of law to which no response is required.  To the extent
26  a response is required, Defendants deny those allegations.

27
28

15

*74.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id*

**Answer:**     This is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

*75.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers whose numbers are on the Registry and provides a private light of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).*

**Answer:**     This is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

*76.     47 C.F.R. § 64.1200(d) states "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." It goes on to establish specific "minim standards":*

*( 1) "Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand ... "*

*(2) "personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list."*

*(3) "If a person or entity making a call for telemarketing purposes,. .. receives a request, ... not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, ... and telephone number on the do-not-call list at the time the request is made ... must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made."*

*(4) "A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the*

1  *call is being made, and a telephone owner or address at which the person or entity may be*
2  *contacted."*

3  *(6) "A person or entity making calls for telemarketing purposes must maintain a record of*
4  *a consumer's request not to receive further telemarketing calls."*

5  **Answer:**     This is a conclusion of law to which no response is required.  To the extent
6  a response is required, Defendants deny those allegations.

7  ### *Personal Liability*

8  *77.     Under the TCPA, an individual such as Levy and Oaks may be personally liable for*
9  *the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, inter*
10 *alia:*

11 *[T]he act, omission, or failure of any officer, agent, or other person acting for or employed*
12 *by any common canier or user, acting within the scope of his employment, shall in every case be*
13 *also deemed to be the act, omission, or failure of such carrier or user as well as that person. 47*
14 *U.S.C. § 217 (emphasis added).*

15 **Answer:**     This is a conclusion of law to which no response is required.  To the extent
16 a response is required, Defendants deny those allegations.  Defendants separately deny that Levy
17 and Oakes have any personal liability whatsoever.

18 *78.     When considering individual liability under the TCPA, other Courts have agreed*
19 *that an officer or individual involved in the telemarketing at issue may be personally liable under*
20 *the TCPA. See, e.g. Jackson Five Star Catering, Inc. v. Beanson, 2013 U.S. Dist. LEXIS 159985,*
21 *\* 10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held corporate actors can be individually*
22 *liable for violating the TCPA where they had direct, personal participation in or personally*
23 *autho1ized the conduct found to have violated the statute.") (cleaned up);Maryland v. Universal*
24 *Elections,7 87 F. Supp. 2d 408, 415-16 (D. Md. 2011) (If an individual acting on behalf of a*
25 *corporation could avoid individual liability, the TCP A would lose much of its force").*

26 **Answer:**     This is a conclusion of law to which no response is required.  To the extent
27 a response is required, Defendants deny those allegations.

28

79.   *Levy personally participated in the actions complained of by personally directing and authorizing the scripting of both the agents, selecting the numbers to be called, selecting, and orchestrating the calling strategy.*

**Answer:**   Defendants deny these allegations because they are untrue.

### *Claims*

### *Count One*

80.   *Plaintiff incorporates the foregoing allegations as if fully set forth herein.*

**Answer:**   Defendants admit that Plaintiff purports to incorporate the preceding paragraphs of the Complaint herein.

81.   *Plaintiff received unsolicited phone calls to their cellular telephones.*

**Answer:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.   Therefore, Defendants deny those allegations.

82.   *The calls played a pre-recorded voice advertising Defendants tax debt relief service.*

**Answer:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.   Therefore, Defendants deny those allegations.

83.   *As a result of its unlawful conduct, Defendants invaded Plaintiffs personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop its illegal calling campaign.*

**Answer:**   The allegations in this paragraph contain conclusions of law to which no response is required.   To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages.

84.   *Multiple employees on different occasions attempted to conceal the identity of the company and continued to violate the TCPA.*

**Answer:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.   Therefore, Defendants deny those allegations.

4869-0865-7508.1

85.   *Defendants made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).*

**Answer:**   The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages.

86.   *If the Court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b){3}{C).*

**Answer:**   The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages.

### *Count Two*

87.   *Plaintiff incorporates the foregoing allegations as if fully set forth herein.*

**Answer:**   Defendants admit that Plaintiff purports to incorporate the preceding paragraphs of the Complaint herein.

88.   *The telephone Number of Plaintiff is registered on the Do-Not-Call Registry.*

**Answer:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

89.   *Defendants called Plaintiffs DNC-registered telephone at least five times within a twelve-month period without having their prior written consent to do so and without an established business relationship.*

**Answer:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny those allegations.

90.   *The foregoing acts and omissions of Defendants and/or their agents constitute multiple violations of the TCPA, 47 U.S.C. § 227{c), by making telemarketing solicitations to*

*residential and wireless telephone numbers listed on the Federal Government's National Do-Not-Call Registry. 47 C.F.R. § 64.1200(c)(2).*

**Answer:**       The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages.

*91.      Defendants' calls were made for a commercial purpose.*

**Answer:**       The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages.

*92.      Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).*

**Answer:**       The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages.

*93.      If the Court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).*

**Answer:**       The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages.

*94.      Plaintiff also seeks an injunction prohibiting Defendants and their agents from making telemarketing solicitations until such time they have established processes and controls to prevent to residential and wireless telephone numbers listed on the Federal Government's National Do-Not-Call Registry.*

**Answer:** The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or any injunctive relief.

### *Count Three*

95. *Plaintiff incorporates the allegations from all previous paragraphs as if full set forth herein.*

**Answer:** Defendants admit that Plaintiff purports to incorporate the preceding paragraphs of the Complaint herein.

96. *The forgoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making at least five calls to Plaintiffs cellphone for non-emergency purposes, to the telephone number(s) of Plaintiff using an ATDS.*

**Answer:** The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages

97. *As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff is entitled to an award of $500 in damages for each and eve1y call made to his telephone number for which he is charged for the call using an ATDS in violation of the statute, each and every call made to his cellular phone pursuant to 47 U.S.C. § 227(b )(3)(B).*

**Answer:** The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages.

98. *Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from*

*violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any number using an artificial or prerecorded voice in the future.*

**Answer:**   The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief.

*99.   If the Court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).*

**Answer:**   The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages.

*100.   Plaintiff also seeks injunction prohibiting all telemarketing calls from defendants and their agents until such time they have established processes and controls to preventing all calls using ATDS to all numbers protected by die TCP A without prior consent.*

**Answer:**   The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief.

### *Count Four*

*101.   Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.*

**Answer:**   Defendants admit that Plaintiff purports to incorporate the preceding paragraphs of the Complaint herein.

*102.   By placing at least five calls to the Plaintiff's mobile phone the Defendant violated A.R.S § 44-1278 (8)(3). By their use of "any automatic terminal equipment ... excludes calls to*

*the following telephone numbers without ... d) The telephone numbers maintained on a no call list ... ". A.R.S § 44-1278 (B)(5).*

**Answer:**      The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief.

*103.    By placing at least five calls to a number already on the national Do-Not-Call list, the defendant violated ARS 44-1282 (A), and are subject to a civil penalty not to exceed $1000 per violation. ARS 44-1282 (B).*

**Answer:**      The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief.

### ***Count Five***

*104.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.*

**Answer:**      Defendants admit that Plaintiff purports to incorporate the preceding paragraphs of the Complaint herein.

*105.    By placing at least five telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, failing to have a written Do-Not-Call policy, and failing to maintain the Plaintiff in their Do-Not-Call list, failing on at least two occasions to properly identify the caller of the company, Defendant(s),jointly and severally, violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 17 64.1200(c) and (d).*

**Answer:**      The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief.

106.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff is entitled to an award of $500 in damages pursuant to 4 7 U.S.C. § 227(b)(3)(B).

**Answer:**    The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief

107.    If the Court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**Answer:**    The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief.

108.    Plaintiff also seeks an injunction prohibiting all telemarketing calls from Defendants until such time that Defendants and their agents have implemented processes and controls to ensure no telemarketing calls are made to numbers contained on the National Do-Not-Call list without prior express permission.

**Answer:**    The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief.

### *Count Six*

109.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**Answer:**    Defendants admit that Plaintiff purports to incorporate the preceding paragraphs of the Complaint herein.

110.    47 C.F.R. 64.1200(d)(1) requires that Defendants maintain a written telemarketing policy, available upon demand, for maintaining a do-not-call list.

**Answer:**     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

*111.    Defendants failed to fulfill this requirement, resulting in violations against Plaintiff.*

**Answer:**     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief.

*112.    Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).*

**Answer:**     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief.

*113.    If the Court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).*

**Answer:**     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief.

*114.    Plaintiff also seeks an injunction prohibiting all telemarketing calls from Defendants until such time Defendants have trained all employees and their agents on the existence and usage of Defendants' internal do-no-call policy, and established processes and controls to insure all future employees are trained on the existence and usage of said policy, and processes and controls are established ensuring employees are able to make said policy available upon demand.*

**Answer:**     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief.

### *Count Seven*

*115.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.*

**Answer:**     Defendants admit that Plaintiff purports to incorporate the preceding paragraphs of the Complaint herein.

*116.     47 C.F.R. 64.1200(c)(1) prohibits Defendants train their personnel engaged from telemarketing outside the hours of outside "8 a.m. or after 9 p.m.".*

**Answer:**     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

*117.     Defendants did not do so, resulting in violations against Plaintiff.*

**Answer:**     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief.

*118.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).*

**Answer:**     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief.

*119.     If the Court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).*

**Answer:**     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief.

120.    *Plaintiff also seeks an injunction prohibiting Defendants and their agents from making any telemarketing calls until such time they have implemented controls preventing any telemarketing outside the hours of 8 a.m. or after 9 p.m.*

**Answer:**    The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief.

### *Summary of Counts*

121.    *By placing at least five telemarketing calls to the Plaintiff, whose cellular phone number used for residential purposes is on the Do-Not-Call registry, failing to have a written Do-Not-Call policy, and failing to maintain the Plaintiff 011 their Do-Not-Call list, and making at least one call with a prerecorded voice Defendants, jointly and severally, violated 47 U.S.C. § 227, 47 C.F.R. § 64.1200, and ARS 44-1282 (A).*

**Answer:**    The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations. Further, Defendants specifically deny that they are liable to Plaintiff for any claim described herein and deny that Plaintiff is entitled to damages or injunctive relief.

## AFFIRMATIVE DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of their investigation, discovery, preparation for trial, or otherwise, it becomes appropriate to assert such defenses, Defendants allege the following affirmative defenses.

### First Affirmative Defense
### (Prior Express Consent)

The Complaint and the causes of action therein are barred to the extent that Plaintiff provided prior express consent for the alleged calls.

**Second Affirmative Defense**

**(Prior Express Invitation or Permission)**

The Complaint and the causes of action therein are barred to the extent that Plaintiff provided prior express invitation or permission for the alleged calls.

**Third Affirmative Defense**

**(Established Business Relationship)**

The Complaint and the causes of action therein are barred to the extent that Plaintiff made an inquiry or application within the three months immediately preceding the date of the alleged calls and the relationship was not terminated.

**Fourth Affirmative Defense**

**(Good Faith and Bona Fide Error)**

The Complaint and the causes of action therein are barred because Defendants have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c).

**Fifth Affirmative Defense**

**(Unconstitutional Content-Based Restriction on Speech)**

The TCPA's prohibitions on calls made using an ATDS or an artificial or prerecorded voice contravene the First Amendment because they are content-based restrictions on speech.

**Sixth Affirmative Defense**

**(Unconstitutional Vagueness and Overbreadth)**

Interpretations of the TCPA upon which Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

. . .

. . .

. . .

. . .

**Seventh Affirmative Defense**

**(Excessive Penalties, Due Process)**

The statutory penalties sought by Plaintiff are excessive and thus violate the Due Process Clause of the United States Constitution, and the Due Process provision of the United States Constitution.

**Eighth Affirmative Defense**

**(Bad Faith/Unclean Hands)**

Plaintiff and his agents, if any, acted in bad faith and with unclean hands based on all relevant facts, law, and circumstances known by them.  Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

**Ninth Affirmative Defense**

**(Waiver and Estoppel)**

Plaintiff has waived his right to recover herein, in whole or in part, and/or his claims are barred by estoppel.

**Tenth Affirmative Defense**

**(Comparative Fault)**

Any damages sustained by Plaintiff must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Defendants, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

**Eleventh Affirmative Defense**

**(Third-Party Acts)**

Any alleged injury or damage sustained by Plaintiff was caused, in whole or in part, by the conduct of third parties (i) who were not acting as Defendants' agents, and/or (ii) which was not ratified by Defendants.  Moreover, there is no vicarious liability as to Defendants.

. . .

. . .

. . .

**Twelfth Affirmative Defense**

**(Indemnity and Contribution)**

Defendants cannot be held liable for any of Plaintiff's damages pursuant to an indemnity and contribution agreement.

**Thirteenth Affirmative Defense**

**(No Injury)**

Plaintiff lacks Article III standing because receiving unsolicited text messages and/or robocalls is not a concrete injury in fact.

**Reservation of Rights**

Defendants reserve the right to raise additional affirmative defenses to which they may be entitled, or which may be developed in the course of discovery.

DATED:  May 16, 2023                    Respectfully submitted,

                                        **KUTAK ROCK LLP**


                                By      */s/ Douglas H. Allsworth*
                                        Douglas H. Allsworth
                                        8601 North Scottsdale Road, Suite 300
                                        Scottsdale, Arizona. 85253-2742

                                        Attorneys for Defendants,
                                        National Tax Advisory Services, LLC,
                                        Matthew Levy, and Vanessa Oakes

4869-0865-7508.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2023, I electronically filed the foregoing **DEFENDANTS' ANSWER TO COMPLAINT** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following CM/ECF registrants and mailed and emailed to anyone not registered:

Jason Crews
164 W. Laurel Ct.
Gilbert, AZ 85233
Jason.crews@gmail.com
602-295-1875
Plaintiff in pro per


By    */s/ Regina Smith*